IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DONTE MICHAEL JACKSON<br>        Plaintiff,<br>    v.<br><br>WARDEN, et al.<br>        Defendants. | *<br><br>*  CIVIL ACTION NO. WDQ-07-20<br><br>*<br><br>*** |

# **MEMORANDUM**

Plaintiff filed an original Complaint in December of 2006, alleging that Officer Shank placed a member of the Bloods in his cell at the Maryland Correctional Training Center ("MCTC") and that inmate stabbed him on September 9, 2006.[1] Paper No. 1. Plaintiff complains that after the assault he was told he would be transferred to another prison, but has instead been moved to various tiers at MCTC, winding up on MCTC A-Tier, which he claims is populated with Bloods, including the inmate that stabbed him.[2] *Id*. He seeks $150,000.00 in damages. In a supplemental pleading, Plaintiff complains that on February 16, 2007, Officer Shank verbally harassed him with regard to the filing of this case. Paper No. 9.

Pending before the Court is Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and Plaintiff's Opposition thereto. Paper Nos. 17 & 19. As an affirmative defense, Defendants argue that Plaintiff's claims are subject to dismissal on grounds of non-exhaustion.[3] *Id*. After review of the materials the undersigned finds that the matter may be

---

[1] Although not raised in the Complaint, in an administrative remedy Plaintiff alleged that he was previously affiliated with the Bloods and that Shank was aware of this prior affiliation but nonetheless placed the Bloods member in his cell. Paper No. 17, Ex. 3.

[2] Plaintiff claims that he has received multiple threats on his life and that human waste has been thrown on his door. Paper No. 1.

[3] Defendants further assert that Plaintiff has failed to demonstrate that they were deliberately indifferent to a substantial risk of harm. Paper No. 17. In his Opposition Plaintiff claims that all officers, including Shank, were aware of his past affiliation with the Bloods, yet Shank placed a Bloods member in his cell without conducting a search of that inmate. Paper No. 19.

determined without oral hearing.  *See* Local Rule 105.6  (D. Md. 2004).  For reasons to follow, Defendants' Motion to Dismiss shall be granted.

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint.  *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999).  Accordingly, a 12(b)(6) motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

The unopposed documents show that while Plaintiff did file administrative remedies seeking (1)  transfer out of MCTC in light of the September 9, 2006 assault and alleged threats to his safety; (2) to file criminal charges against Officer Shank; and (3) replacement of items of clothing taken as evidence of the assault, those grievances went no further than the filing at and dismissal of the remedies at the Division of Correction Headquarters level.[4]  Paper No. 17, Exs. 1-4.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

---

[4] Defendants' documents show that on September 9, 2006, Plaintiff was indeed involved in an altercation with MCTC inmate Alexander Byrd. Paper No. 17, Ex. 1.  Byrd was not on Plaintiff's OBSCIS enemies list.  *Id*., Ex. 1 & Ex. 1-C.   Plaintiff received medical treatment and was returned to MCTC segregation and provided a single cell. *Id*.  He remains single-celled as of July, 2007, and does not recreate or shower with other inmates.  *Id*., Ex. 1 & Ex. 1-B.  Inmate Byrd was transferred out of MCTC.   Plaintiff was offered protective custody and declined same in December of 2006, indicating that "I am not in fear for my safety." *Id*., Ex.1-D.   Plaintiff does not refute this information.

exhausted." The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 126 S.Ct. 2378, 2385-86 (2006). Exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendant(s). *See Jones v. Bock*, 127 S.Ct. 910, 919-22 (2007); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.2d 674, 682 (4th Cir. 2005). Defendant may raise the failure to exhaust as a basis for a motion to dismiss. *See Brown v. Croak,* 312 F.3d 109, 111 (3rd Cir. 2002).

This Complaint falls under the exhaustion prerequisites of § 1997e(a), and Plaintiff's claims must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).[5] It remains uncontroverted that Plaintiff did not exhaust the grievance process. As the Complaint does not satisfy § 1997e(a) exhaustion requirements, Defendants' Motion to Dismiss shall be granted. A separate Order follows.

Date: <u>August 10, 2007</u>                                /s/
                                                            William D. Quarles, Jr.
                                                            United States District Judge

---

[5] Under *Chase*, a Maryland inmate may satisfy exhaustion by seeking review of an Administrative Remedy Procedure ("ARP") complaint denial from the Warden to the Commissioner and then appealing the Commissioner's decision to the Inmate Grievance Office ("IGO"), the *final level* of appeal within Maryland's administrative grievance system for prisoners. *See Chase v. Peay*, 286 F.Supp.2d 523 at 529 (emphasis added).